**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BOBBY DARRYL BRACKNELL,**<br>　　**Plaintiff,**<br><br>**v.**<br><br>**INTERNATIONAL PAPER**<br>**COMPANY,** *et al.*,<br>　　**Defendants.** | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** |

　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:21-00448-KD-N**

## REPORT AND RECOMMENDATION

　　This civil action is before the Court on the construed motion to deny leave to amend the notice of removal, to remand this cause to state court under 28 U.S.C. § 1447(c), and to award costs and expenses related to same (Doc. 10), filed by the Plaintiff, Bobby Darryl Bracknell. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/2/2021 electronic reference).

　　In accordance with the Court's briefing schedule (Doc. 12), the Defendants filed timely filed a response (Doc. 15) in opposition to said motion, and Bracknell timely filed a reply (Doc. 16) to the response. The motion is now under submission and ripe for disposition. Upon due consideration, and for the reasons explained herein, the undersigned will **RECOMMEND** that Bracknell's construed motion be **GRANTED** as to all relief requested.

## I.　　*Procedural Background*

　　Bracknell initiated this case by filing a complaint in the Circuit Court of Perry County, Alabama (Case No. 53-CV-2021-900048.00), on September 8, 2021 (Doc. 1-4, PageID.97-101), asserting a single cause of action against all Defendants for the

state law tort of outrage. Defendants International Paper Company, Sedgwick Claims Management, Inc., and Tomika Owens (collectively, "the Removing Defendants") removed the case to this Court under 28 U.S.C. § 1441(a)[1] on October 12, 2021, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

In their Notice of Removal (Doc. 1), the Removing Defendants concede that Owens is not diverse from Bracknell, as both are alleged to be citizens of Alabama. However, they argued that, because Owens had not been properly served with process at the time of removal, her citizenship could be disregarded for purposes of removal under the "forum defendant" rule in 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

---

[1] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

joined and served as defendants is a citizen of the State in which such action is brought.").

By order dated and entered October 13, 2021, the undersigned, noting that the Court had previously rejected a similar argument in another case, ordered the Removing Defendants to show cause why this case should not be remanded *sua sponte* for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c). (*See* Doc. 4). In their timely response to that order, filed October 27, 2021, the Removing Defendants requested leave to amend their notice of removal to also assert that Owens's citizenship should be disregarded because she had been fraudulently joined as a defendant. (*See* Doc. 8). In his reply to that response, Bracknell argued that the Removing Defendants should be denied leave to amend their Notice of Removal to assert this additional theory, and that regardless Owens had not been fraudulently joined and complete diversity is therefore lacking. (Doc. 10). Given the procedural posture of the case by then and the relief requested in Bracknell's reply, the undersigned entered an order construing the reply (Doc. 10) as the present motion and setting a briefing schedule on same. (*See* Doc. 12).[2]

## II. *General Legal Standards*

"Because this case was originally filed in state court and removed to federal court by [the Defendants], [the Defendants] bear[] the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "Because removal jurisdiction raises significant

_____

[2] Defendant Dana Pressley joins with the Removing Defendants in their briefing on the motion.

federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id. Accord, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing; … removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

"A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). Generally, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). However, "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Id.* "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder,' *see Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case." *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "The burden of the removing party [to prove fraudulent joinder] is a heavy one[,]" *Crowe*, 113 F.3d at 1538 (quotation omitted),

and must be satisfied "by clear and convincing evidence." *Henderson*, 454 F.3d at 1281.

## III.    *Analysis*

### a.    **Fraudulent Joinder**

"A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.' " *Henderson*, 454 F.3d at 1281 (quoting *Crowe*, 113 F.3d at 1538). The Defendants claim only the first type of fraudulent joinder.[3] In analyzing this type, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (citation and quotation omitted). *Accord, e.g.*, *Crowe*, 113 F.3d at 1538  ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must

---

[3] The Eleventh Circuit has also recognized "a third situation of fraudulent joinder … —i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996)). However, the Defendants have not argued for this species of fraudulent joinder either.

find that joinder was proper and remand the case to state court." (quotation omitted)); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

Bracknell's complaint does not differentiate among the actions of the various Defendants, instead alleging that all Defendants "committed the Tort of Outrage by engaging in an unlawful assault on the Plaintiff with the intent to cause Plaintiff to be unable to obtain medical treatment in order to punish him for having made a claim for worker's compensation benefits[,]" and by "forc[ing] Plaintiff to pay for his own medical treatment and/or to give up on receiving medical treatment." (Doc. 1-4, PageID.98-99). Bracknell alleges that the actions of the Defendants "have been designed and were intended to defraud Plaintiff out of his medical, vocational, and/or disability benefits outright[,]" and that they "are so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society." (*Id.*, PageID.99). He further alleges that the Defendants' "outrageous conduct" caused him to suffer "emotional distress … so severe that no reasonable person could be expected to endure it," and to be "rendered destitute…" (*Id.*, PageID.99-100).

> In order to prevail on a tort-of-outrage claim [in Alabama], a plaintiff is required to prove that the defendant's conduct: " '(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.' " *Harrelson v. R.J.,* 882 So. 2d 317, 322 (Ala. 2003) (quoting *Thomas v. BSE Indus. Contractors, Inc.,* 624 So. 2d 1041, 1043 (Ala. 1993)).

> " 'Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.' "

> *Travelers Indem. Co. of Illinois v. Griner,* 809 So. 2d 808, 810 (Ala. 2001) (quoting *American Road Serv. Co. v. Inmon,* 394 So. 2d 361, 365 (Ala. 1980)) (citations omitted).

*Soti v. Lowe's Home Ctrs., Inc.*, 906 So. 2d 916, 919–20 (Ala. 2005).

As Bracknell points out (*see* Doc. 10, PageID.668-669), the Supreme Court of Alabama has "affirmed judgments based on verdicts finding the defendant had committed the tort of outrage when an employer purposefully withheld workers' compensation medical benefits in an effort to pressure a settlement." *Id.* at 920 (citing *Travelers Indem. Co. of Ill. v. Griner*, 809 So. 2d 808 (Ala. 2001), and *Cont'l Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208 (Ala. 1990)). Additionally, Alabama's "supreme court has held that if a workers' compensation insurance carrier unlawfully denies authorized and reasonably necessary medical treatment, such as for the purpose of extorting an inadequate settlement from an injured worker, *see Continental Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208 (Ala. 1990), so as to recklessly or intentionally cause extreme emotional distress to the injured worker, *see Travelers Indem. Co. of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001), a tort-of-outrage claim will lie." *Ex parte Liberty Mut. Ins. Co.*, 92 So. 3d 90, 97 (Ala. Civ. App. 2012).

For purposes of fraudulent joinder, a complaint need only satisfy the pleading standards of the forum state, rather than federal pleading standards, since a federal

court is only required to determine that there is a possibility that "a state court would find that the complaint states a cause of action against any one of the resident defendants" in order to find no fraudulent joinder. *Triggs*, 154 F.3d at 1287 (emphasis added) (quotation omitted).[4] While the Defendants critique the sufficiency of the complaint's allegations, they have not seriously argued that it fails to state a claim on its face against Owens under Alabama's pleading standards, which are more liberal than those for federal district court.[5]

---

[4] *See also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion. In this analysis, we do not focus on the artfulness of the plaintiff's pleadings." (citation omitted)); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) ("The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor … This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder).").

[5] *Compare Ex parte Austal USA, LLC*, 233 So. 3d 975, 981 (Ala. 2017) ("At the motion-to-dismiss stage, … a court's ability to pick and choose which allegations of the complaint to accept as true is constrained by Alabama's broad and well settled standard for the dismissal of claims under [Alabama] Rule [of Civil Procedure] 12(b)(6). In this case, there is no question that the plaintiffs have pleaded that Austal 'made the conscious and deliberate decision to intentionally injure its workmen.' That allegation—that a company would deliberately injure multiple specific employees—is so shocking that it invites skepticism. Moreover, we agree with Austal that a specific intent or desire to cause injury to its employees is not particularly consistent with the alleged cost-saving motivation for causing such injuries. Nevertheless, our standard of review does not permit this Court to consider the plausibility of the allegations. Rather, in considering whether a complaint is sufficient to withstand a motion to dismiss, we must take the allegations of the complaint as true, Ussery v. Terry, 201 So. 3d 544, 546 (Ala. 2016); we do not consider ' "whether the pleader will ultimately prevail but whether the pleader may

*Dumas v. ACCC Insurance Co.*, 349 F. App'x 489 (11th Cir. 2009) (per curiam) (unpublished), does not bolster the Defendants' argument that the complaint fails to state a claim. In *Dumas*, the Eleventh Circuit upheld the district court's finding that a non-diverse insurance adjuster had been fraudulently joined as a defendant where <u>Georgia</u> law was clear that "there is no confidential relationship between an insured and the insured's adjuster." 349 F. App'x at 492. Because the adjuster owed no duty to the plaintiffs as a matter of Georgia law, their claims for negligence and bad faith against the adjuster failed on the face of the complaint. *See id.* Here, the Defendants have failed to point to any <u>Alabama</u> authority showing that Owens cannot be held liable as a matter of law under the complaint's allegations. At most, they attempt to distinguish the Alabama cases cited by Bracknell by pointing out that those cases addressed denials of worker's compensation benefits by insurance carriers and employers, of which Owens is neither. However, they have not cited any authority that conclusively forecloses such a claim against Owens, and a claim need only be "possible" to negate fraudulent joinder. While "[t]he potential for legal liability must

---

possibly prevail," ' <u>Daniel v. Moye</u>, 224 So. 3d 115, 127 (Ala. 2016) (quoting <u>Newman v. Savas</u>, 878 So. 2d 1147, 1149 (Ala. 2003) (emphasis added)); and '[w]e construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff.' <u>Daniel</u>, 224 So. 3d at 127. Furthermore, a Rule 12(b)(6) dismissal is proper ' "only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." ' <u>Knox v. Western World Ins. Co.</u>, 893 So. 2d 321, 322 (Ala. 2004) (quoting <u>Nance v. Matthews</u>, 622 So. 2d 297, 299 (Ala. 1993)).”), *with Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010) (noting that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), expressly retired the "no set of facts" pleading standard under Federal Rule of Civil Procedure 8(a)(2) that the Court had previously established, and explaining the new "plausibility" pleading standard established by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009)).

be reasonable, not merely theoretical[,]" and "possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight[,]" *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (quotations omitted), Bracknell has cited sufficient Alabama authority suggesting the possibility of successfully asserting an outrage claim against Owens, and the Defendants have failed to cite any negating authority.

However, the Defendants have also submitted an affidavit from Owens dated October 27, 2021, which avers, in relevant part, as follows:

> My name is Tomika Owens ... I am currently employed as a Nurse with International Paper Company ("IP") at the Riverdale Mill in Selma, Alabama...
>
> ...
>
> In early 2020, Mr. Bracknell contacted me and requested information related to his worker's compensation benefits.
>
> I did not know Mr. Bracknell. I had no familiarity with his situation or his injury. He was never employed at IP's Riverdale Mill. I do not know why he contacted me, but I believe it was because I was employed in a healthcare position at the IP facility closest to his home.
>
> I informed Mr. Bracknell that I do not make any determinations regarding worker's compensation benefits and that all questions about Mr. Bracknell's coverage need to go to Dana Pressley at Sedgwick Claims Management...
>
> Afterwards, on February 22, 2021, I received [a] letter ... from Lois Fondren at Mr. Bracknell's attorney's law firm of Pitts, Williams & Jones. The letter was addressed to Ms. Pressley, but she was not copied on the transmittal e-mail.
>
> In addition, over the course of several months in 2020, I had phone and text message conversations with Mr. Bracknell...

Mr. Bracknell was at all times aware that I could not make any decisions related to his workers' compensation benefits, and all I could do for him was pass information along to the parties who made those decisions. My interactions with Mr. Bracknell were always positive, and he routinely thanked me for assisting him as best I could.

I last communicated with Mr. Bracknell in late 2020. At that time, our relationship was cordial; Mr. Bracknell never expressed any anger or dissatisfaction toward me.

As a Nurse, I am not authorized to, nor have I ever, made any determination regarding an individual's worker's compensation benefits. I am not authorized to determine: (1) whether an individual is eligible for benefits; (2) when an individual should receive their benefits; or (3) the amount of an individual's benefits.

(Doc. 8-3, PageID.250-251 (numbering omitted)).

Bracknell argues that the "Defendants improperly ask this Court to make determinations about the weight of evidence in this case before deciding whether the Court has jurisdiction. (Doc. 10, PageID.662. *See also* Doc. 16, PageID.715-716). However, it was entirely appropriate for the Defendants to submit Owens's affidavit in support of their fraudulent joinder claim. As the Eleventh Circuit has explained,

> "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 n.9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989).

*Legg*, 428 F.3d at 1322–23.

"For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that…" *Crowe*, 113 F.3d at 1541. Nevertheless, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Legg*, 428 F.3d at 1323. Accordingly, a non-diverse defendant's sworn statement denying involvement in events underlying the claims against her can be sufficient to make a *prima facie* showing of fraudulent joinder, which the plaintiff must the rebut with evidence of his own.[6]

---

[6] *Compare Legg*, 428 F.3d at 1323 ("In this case, for example, the Plaintiffs did not dispute Stubblefield's sworn statement that he never promoted or sold the drug Redux. With no response from the Plaintiffs, there was no question of fact for the court to resolve. The same goes for Weaver, who asserted that she did not know Redux may cause valvular heart disease. The Plaintiffs offered no evidence to dispute this sworn statement. When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint … In the case at bar, the Defendants submitted sworn affidavits that were undisputed and, in such a case, a court cannot resolve the question of fraudulent joinder by refusing to consider the defendants' submissions."), *and Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (per curiam) (unpublished) ("When the defendant submits affidavits [in support of fraudulent joinder] containing statements that 'are undisputed by the Plaintiff[ ], the court cannot then resolve the facts in the Plaintiff['s] favor based solely on the unsupported allegations in the Plaintiff['s] complaint.' [*Legg*, 428 F.3d at 1323]. Rather, the plaintiff generally must come forward with some evidence to dispute the sworn statements in the affidavit. *See id.* at 1323–25. []Here, Shannon did not present any evidence to create a genuine dispute with respect to the factual contention in the Balettie affidavit. Therefore, the court properly found the absence of a factual dispute based on the affidavit."), *with Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 892 (11th

Here, Owens has submitted an affidavit affirmatively disclaiming any role in the decision-making process regarding payment of worker's compensation benefits to Bracknell, instead serving as only a conduit for information between Bracknell and the decision-makers. Owens has also averred that her "interactions with Mr. Bracknell were always positive, … he routinely thanked [her] for assisting him as best [she] could[,]" and he "never expressed any anger or dissatisfaction toward" her, and she has submitted copies of text messages between her and Bracknell to support these assertions (*see* Doc. 8-3, PageID.266-272). As the Defendants correctly point out, Bracknell has not submitted his own competing affidavit, or any other evidence, to counter Owens's sworn statements,[7] instead simply relying on "the unsupported allegations in [his] complaint." *Legg*, 428 F.3d at 1323. Thus, the Court is left only with Owens's uncontradicted affidavit showing that she could not have "withheld" or "denied" workers' compensation medical benefits such as would support a claim of

---

Cir. 2011) (per curiam) (unpublished) ("[T]he issues in *Legg* did not depend upon the credibility of the testimony in the same manner as in this case, because Plaintiffs here have contested the deposition evidence. Certainly Plaintiffs have not yet offered evidence rebutting the specific statements Valencia made in his deposition, but they have generally contested his version of events by pointing to his testimony that he served as operations manager for CST and was the last CST employee to leave the warehouse before the fire. Given Valencia's role in overseeing the safety procedures, the question of whether he personally participated in the alleged tort depends on the credibility of his testimony. Fraudulent joinder was therefore not a proper basis for removal to federal court … Even though they did not offer evidence directly rebutting Valencia's deposition testimony, Plaintiffs have satisfied th[eir] lighter burden here by showing that Valencia's responsibilities together with the circumstances of the fire might be sufficient to demonstrate his personal participation in the tort despite his testimony to the contrary.").

[7] To the extent Bracknell relies on the bare assertions of his counsel made in briefing the fraudulent joinder issue, "a sentence in an unsworn brief is not evidence." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

outrage, and that regardless her conduct during the relevant time was not "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Travelers Indem.*, 809 So. 2d at 810. Accordingly, the undersigned finds that the Removing Defendants have met their burden of demonstrating that Owens was fraudulently joined in this case.

### b.    Leave to Amend

That does not end the inquiry, however. It is undisputed that the Removing Defendants did not assert fraudulent joinder in their initial notice of removal filed October 12, 2021, instead only moving for leave to amend the notice to do so on November 1, 2021, in response to the Court's order challenging their initial basis for removal (Doc. 4). [8] Bracknell has argued the Removing Defendants' proposed amendment comes too late, and they therefore cannot rely on "fraudulent joinder" as a basis for this Court retaining jurisdiction. [9] The undersigned agrees.

---

[8] In response to that order, the Removing Defendants have not attempted to defend the validity of their initial ground for removal, that the "forum defendant" rule allows the Court to disregard Owens's citizenship. The undersigned construes that silence as an implicit abandonment of that ground, and finds that it is due to be rejected based on the reasoning in *Walker v. Yearling*, No. CV 1:21-00046-KD-N, 2021 WL 1015845 (S.D. Ala. Feb. 23, 2021) (Nelson, M.J.), *report and recommendation adopted*, 2021 WL 982637 (S.D. Ala. Mar. 16, 2021) (DuBose, J.). That case was cited to the Removing Defendants in the Court's order challenging their initial basis for removal, and the undersigned has found no grounds to reconsider its reasoning.

[9] Though the Removing Defendants have not argued it applies, the undersigned notes that Bracknell's request to deny leave to amend the notice of removal was raised within the 30-day window for moving to remand based on procedural defects in removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days

Generally, the notice of removal of a civil action or proceeding must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).[10] In *Finger v. State Farm Fire & Casualty Co.*, No. CIV.A. 10-00192-KD-B, 2010 WL 3306913, at *2 (S.D. Ala. July 30, 2010) (Bivins, M.J.), *report and recommendation adopted*, 2010 WL 3306905 (S.D. Ala. Aug. 19, 2010) (DuBose, J.), this Court stated the following proposition of law:

> A defendant may freely amend the notice of removal within the thirty day period of § 1446(b). After the thirty day period has expired however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653[11]. *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323 (S.D. Ala. 2001). It is generally held that outside of this initial thirty day period, amendments are permitted only to fix "technical defects" in the jurisdictional allegations, not to submit wholly new grounds for removal jurisdiction. *Id.* at 1328.

2010 WL 3306913, at *2. While neither the Eleventh Circuit Court of Appeals nor the United States Supreme Court appear to have directly considered this issue in a binding decision, all parties generally agree with the above-quoted statement of law

---

after the filing of the notice of removal under section 1446(a).").

[10] In cases with multiple defendants, each "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

[11] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

from *Finger*, and it is supported by substantial persuasive authority.[12] *See, e.g., USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n.13 (3d Cir. 2003) ("[S]ection 1653 need be invoked to permit an amendment only after the expiration of the 30–day period within which an action may be removed under 28 U.S.C. § 1446(b), during which time a removal notice may be amended freely."); *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) ("[A]fter thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis."); *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) ("A removal petition may be amended freely within the thirty day period. Moreover, even after the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. s 1653."); *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. *See* 28 U.S.C.

---

[12] The undersigned recognizes that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709, 131 S. Ct. 2020, 2033 n.7 (2011) (quotation omitted). *Accord Washington v. Rivera*, 939 F.3d 1239, 1244 n.8 (11th Cir. 2019) ("[D]istrict court opinions are not binding precedent."); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam) ("The opinion of a district court carries no precedential weight, even within the same district."); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (per curiam) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court…"). *See also McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (per curiam) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.").

§ 1446(b). The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.' *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). However, a defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.' *See* 28 U.S.C. § 1653; *see also* 16 Moore's Federal Practice § 107.30[2][a][iv] ('[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction.').");  *Beard v. Lehman Bros. Holdings*, 458 F. Supp. 2d 1314, 1321 (M.D. Ala. 2006) (Albritton, J.) ("Within the thirty day period set forth in Section 1446(b), a party may freely amend a removal petition. *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). Title 28 U.S.C. § 1653 provides the only statutory method for amendment of removal petitions after the thirty-day period has lapsed."); 14C Fed. Prac. & Proc. Juris. § 3733 (Rev. 4th ed. [electronic]) (last updated April 2022) ("Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." (footnote omitted)). *Cf. Ervast v. Flexible Prod. Co.*, 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) (declining to exercise subject-matter jurisdiction on a new basis asserted for the first time in an appellate brief, noting that the removing defendant "had the burden to plead this basis in its notice of removal"). Accordingly, the undersigned will apply that principle here.

The parties also agree that the Removing Defendants' proposed amendment comes outside of the 30-day window to freely amend the notice of removal, and that the amendment can only be allowed if it falls within § 1653's purview. The parties disagree, however, whether the Defendants are attempting to permissibly amend "defective allegations of jurisdiction," or to untimely add "wholly new grounds for removal jurisdiction." After careful consideration of relevant authority, the undersigned concludes it is the latter and should therefore be disallowed.

Case law generally indicates that "an amendment of the removal notice may seek to accomplish any of several objectives. It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-preferred basis of removal…" 14C Fed. Prac. & Proc. Juris. § 3733 (footnotes omitted).

As the Defendants correctly observe, many of the cases disallowing "completely new grounds for removal" concerned tardy attempts to assert jurisdiction under a different statutory basis than that asserted in the initial notice of removal. *See, e.g.*, *ARCO Env't Remediation*, 213 F.3d at 1117 ("The DEQ's Notice of Removal states that federal jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b), but does not state that removal jurisdiction exists under either the supplemental jurisdiction statute or the All Writs Act. Because more than thirty days have passed since this action was filed in Montana state court, the DEQ may not amend its Notice

of Removal to state alternative bases for removal jurisdiction. The necessary amendment is more than a correction of a 'defective allegation of jurisdiction' permissible under 28 U.S.C. § 1653." (footnote omitted)); *Ervast*, 346 F.3d at 1012 n.4 ("Flexible argues, tardily, in its appellate brief, that there also exists diversity jurisdiction, therefore, removal was proper absent the existence of ERISA super-preemption. Although that may be the case, we decline the invitation to exercise jurisdiction on that basis because Flexible had the burden to plead this basis in its notice of removal, and it did not."); *Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129, 1133 (S.D. Ala. 2019) (Steele, J.) ("The United States, [which removed action under 28 U.S.C. § 1442(a)(1)], did not invoke [28 U.S.C.] Section 1444 in its notice of removal …. The United States' brief in opposition to the motion for remand was filed seven weeks after service on the United States Attorney and Attorney General … Its invocation of Section 1444 is therefore untimely…"); *Holman v. Knollwood Nursing Home, LLC*, (S.D. Ala. Case No. 1:21-cv-00130 PageID.470-473) (DuBose, J.) (denying as untimely motion for leave to amend notice of removal to assert diversity jurisdiction and argue fraudulent joinder, where action was originally removed only under federal question jurisdiction). *But see Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568 (11th Cir. 1984) (declining to decide whether defendant properly removed cause under admiralty jurisdiction because "federal diversity jurisdiction, while imperfectly pled, [wa]s apparent from the face of the removal petition[,]" and remanding case to district court with instructions that defendant be granted "leave to amend its removal petition to state unequivocally that

diversity of citizenship is the basis for that court's jurisdiction"). Here, on the other hand, the Removing Defendants have only ever relied on one statutory basis for jurisdiction, § 1332(a). Moreover, in asserting this jurisdictional basis, the Removing Defendants have consistently argued that the citizenship of non-diverse defendant Owens should be disregarded. What the Removing Defendants are attempting to change is the theory under which Owens's citizenship should be disregarded in order to achieve complete diversity among the remaining parties.

Most district courts addressing the issue have held that, where removal jurisdiction is based solely on diversity of citizenship under § 1332(a), fraudulent joinder is a substantive ground that must be pled in the notice of removal, or at least implicitly raised, within § 1446(b)'s 30-day window. *See DaSilva v. Germany*, 514 F. Supp. 3d 393, 399 (D. Mass. 2021) ("Baader Germany neglected to raise its fraudulent joinder argument in its notice of removal and neglected to move to amend that notice within section 1446(b)'s thirty-day limit on raising grounds for jurisdiction upon removal to federal court. Its failure to do so waives fraudulent joinder as a substantial and material basis for subject matter judication." (citations, footnote, and quotation omitted)); *Nordin v. PB&J Resorts*, LLC, No. 15-CV-509-JL, 2016 WL 2757696, at *2 (D.N.H. May 12, 2016) ("Failure to include fraudulent joinder as a basis for federal jurisdiction when the parties are not otherwise diverse has been considered a failure to include a 'substantial and material' basis for federal jurisdiction. <u>Castle v. Laurel Creek Co.</u>, 848 F. Supp. 62, 66 (S.D.W. Va. 1994). The defendants neither raised their improper joinder argument in the notice of removal

nor moved to amend that notice to include it within the 30-day removal window. Accordingly, the defendants have likely waived their fraudulent joinder argument." (footnote omitted)); *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 826 (E.D. Va. 2008) ("BJ's did not raise th[e fraudulent joinder] issue until its response to plaintiff's motion to remand, well beyond the thirty-day time limit for removal. *See* 28 U.S.C. § 1446(b). BJ's failure to properly and timely raise this ground cannot be viewed as a mere technical defect or imperfection."); *Wessel v. Miraglia*, No. 4:04-CV-377-A, 2004 WL 1943776, at *2-3 (N.D. Tex. Aug. 31, 2004) (finding that defendants' attempt to raise a "traditional fraudulent joinder theory of inability of plaintiff to establish a cause of action against" the non-diverse defendant for the first time in response to a motion to remand was not proper, even when the notice of removal had alleged a different fraudulent joinder theory of "fraudulent misjoinder"); *Alvey v. Sears, Roebuck & Co.*, 162 F. Supp. 786, 787 (W.D. Mo. 1958) (fraudulent joinder was a new ground for removal "not within the purview of Section 1653…"). *Cf. Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1328-29 (S.D. Ala. 2001) (Vollmer, J.) (in diversity removal case, finding that defendant forfeited a new theory for meeting § 1332(a)'s minimum amount in controversy by not timely raising it in the notice of removal, after its initial theory was abrogated by an intervening change in case law). *But see Pharos Cap. Grp., LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 953 (N.D. Tex. 2014) (finding that defendant did not waive "improper joinder" argument by raising it for the first time in response to a motion to remand).

In *Dees v. American Cyanimid Co.*, 296 F. Supp. 615 (S.D. Miss. 1969), the

district court held that it could consider the merits of a fraudulent joinder argument that was not raised until a hearing on the defendants' motion to dismiss the non-diverse defendant and the plaintiff's motion to remand. *See* 296 F. Supp. At 617. The court found that the plaintiff "was on notice of what defendants intended to advance as their basis for removal jurisdiction" because after removal, and still within the 30-day removal period of § 1446(b), the defendants also filed their motion to dismiss the non-diverse defendant as improperly joined. *Id.* The court reasoned: "If pleadings are to be tested by their adequacy in putting the opposing party on notice, this Court feels that defendants' removal petition and the subsequent motion to dismiss taken together were adequate in advising plaintiff of what defendants intended to rely on." *Id.* However, the *Dees* court appeared to agree with other district courts that fraudulent joinder is a substantive ground for removal that would be waived if not timely raised within § 1446(b)'s 30-day removal window, emphasizing that, "were it not for defendants' motion to dismiss filed within the 30-day removal period, [it] would be constrained to follow the district courts which have granted remand in [similar] cases..." *Id.* at 618.

The issue has divided at least one panel of a circuit court of appeals. In *Hoyt v. Lane Construction Corp.*, 927 F.3d 287 (5th Cir. 2019), *as revised* (Aug. 23, 2019), the panel majority held, in a footnote, that a removing defendant did not forfeit raising a fraudulent-joinder argument (there, referred to as "improper joinder"[13]) by failing to

---

[13] 13F Fed. Prac. & Proc. Juris. § 3641.1 (3d ed. [electronic]) (last updated April 2022) (explaining why "the term 'fraudulent joinder' is a bit of a misnomer" and noting that the "Fifth Circuit has adopted the term 'improper joinder' as more accurately

include it in the notice of removal. *See* 927 F.3d at 296 majority's n.2. There, the "notice of removal identified diversity jurisdiction as the ground for removal and explained that complete diversity existed because the [non-diverse] defendants were no longer in the case"—one having been granted summary judgment by the state court, the other having been dismissed voluntarily by the plaintiffs before removal. *Id.* at 291-92, 296 majority's n.2. Fraudulent joinder was first raised in the moving defendant's response to the plaintiffs' second motion to remand raising the "voluntary-involuntary rule"—like fraudulent joinder, a "judicially created" rule, this one providing that, where a case is not removable because of joinder of defendants, only the voluntary dismissal or nonsuit by the plaintiff of a party can make a case removable, rather than a dismissal by the court over the plaintiff's objection. *Id.* at 295, 296 majority's n.2. The panel majority reasoned:

> In this case at least, improper joinder was not a ground for removal. It was a rebuttal to the [plaintiff]s' argument that the voluntary-involuntary rule prevented removal. In other words, it was an exception to an exception to the ground of removal. We do not require a litigant to anticipatorily rebut all potential arguments his adversary may raise. Failing to do so is not a forfeiture.

*Id.* at 296 majority's n.2.

The majority noted that "[s]ome courts have held a removing defendant forfeits an improper-joinder argument by failing to include it in the notice of removal when a non-diverse party remains in the case at the time of removal." *Id.* (citing *Wessel*, 2004 WL 1943776, at *3, as "treating improper joinder as a ground that should have been included in a notice of removal"). However, they held "that rule

characterizing the concept").

does not apply where, as here, improper joinder is used as an exception to the voluntary-involuntary rule[,]" and thus did not need to decide "whether those cases are rightly decided." *Id.*[14] Thus, by its own terms, the majority's reasoning in *Hoyt* does not apply to this case. For her part, the dissenting judge agreed with the plaintiffs that the removing defendant had waived the fraudulent joinder argument by failing to raise it in the notice of removal. *See id.* at 301 & dissent's n.4 (Haynes, J., dissenting). Noting the same holdings from *Wood* and *Ervast* previously quoted herein, the dissent explained: "[T]he majority opinion overlooks the fact that, because C.E.N. [the non-diverse defendant granted summary judgment by the state court] was still a party to the case,[15] improper joinder was a necessary element that [the removing defendant] should have pleaded. If C.E.N. was not improperly joined, then complete diversity did not exist at the time of removal and the district court did not have jurisdiction over the case." *Id.* at 301 dissent's n.4.

The undersigned concurs with authorities holding that fraudulent joinder is a substantive ground for removal that cannot be first raised by amendment under § 1653 after the 30-day window to freely amend a notice of removal expires. As some

---

[14] The district court in *Phillips*, on the other hand, found that fraudulent joinder was not properly raised for the first time in response to a motion to remand raising the voluntary-involuntary rule. *See* 591 F. Supp. 2d at 825. And the district court in *Nordin* held that the defendants had "likely waived" their fraudulent joinder argument by raising it for the first time in response to a motion to remand under the forum defendant rule. *See* 2016 WL 2757696, at *2.

[15] As the dissent saw it: "In granting C.E.N.'s motion for summary judgment, the state court did not dismiss C.E.N. from the suit; instead, it entered a take-nothing judgment in C.E.N.'s favor. If winning a case makes you a non-party to that case, there could never be an appeal." *Hoyt*, 927 F.3d at 300–01.

courts have observed, "[t]he rationale for permitting amendment to correct allegations of jurisdictional facts is that '[i]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings' for omitted jurisdictional facts." *ARCO Env't Remediation*, 213 F.3d at 1117 (quoting *N. Ill. Gas Co.*, 676 F.2d at 273). "Where the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect." *N. Ill. Gas Co.*, 676 F.2d at 274. For instance, in *Northern Illinois Gas Co.*, the Seventh Circuit rejected the plaintiff's argument that the initial removal petition was incurably defective for failing to allege that one defendant, the American Arbitration Association (AAA), was a "nominal party"—meaning that it was excepted from the general rule that all defendants must join in a removal petition—because

> the state court record, attached to the removal petition, contained the necessary factual information regarding the AAA's nominal party status. Exhibit F recited the AAA's position that it was "not a necessary party in judicial proceedings relating to (the proposed) arbitration and should not be named as a party-defendant." The record therefore plainly disclosed the reason for the AAA's failure to join in the removal petition. In such circumstances, the amendment was effective to correct the technically defective initial petition.

*Id.*

As noted previously, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs*, 154 F.3d at 1287. Without

an assertion that there exists a legal basis for disregarding a non-diverse defendant's citizenship, then, complete diversity would plainly be lacking on the face of the record at the time of removal. Moreover, a district court is generally under no obligation to *sua sponte* inquire into whether a non-diverse defendant has been fraudulently joined; rather, the heavy burden is on the removing party to show fraudulent joinder by clear and convincing evidence. *See Crowe*, 113 F.3d at 1538; *Henderson*, 454 F.3d at 1281. Thus, if fraudulent joinder is not asserted in the notice of removal, it is difficult to see how a court is expected to "scrutinize the record of the state court proceedings" to determine whether such an assertion is an omitted jurisdictional fact, at least absent some indication the issue was implicitly or functionally raised prior to removal, or that a non-diverse defendant's improper joinder is indisputably obvious—neither of which applies here.

This position also appears consistent with Eleventh Circuit authority. In *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294 (11th Cir. 2009), the Eleventh Circuit held that a removing defendant's failure to properly allege the citizenship of a party in the notice of removal was a procedural defect subject to being cured by amendment under § 1653. In so holding, the panel noted: " 'The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment.' " 561 F.3d at 1297 (quoting *Firemen's Ins. Co. v. Robbins Coal Co.*, 288

F.2d 349, 350 (5th Cir. 1961) (citation omitted)).[16] Thus, the court held, where " 'subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, we can surmise no valid reason for the court to decline the exercise of jurisdiction.' " 561 F.3d at 1297 (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993)).

Here, the Removing Defendant's notice of removal did not allege that this case is "entirely between citizens of different states." Instead, they conceded the presence of a non-diverse defendant but alleged that "[t]his Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than *each of the properly joined and served Defendants*" (Doc. 1 ¶ 8, PageID.3-4 (emphasis added). As noted previously, *see* n.8, *supra*, the Removing Defendants no longer appear to advance the argument that the "forum defendant" rule allows the Court to disregard a defendant's citizenship, and regardless the position is incorrect as a matter of law. Thus, subject-matter jurisdiction based on diversity of citizenship plainly did not appear on the face of the notice of removal, and amending it after the time to freely do so to assert a fraudulent joinder claim cannot fairly be said to be a

---

[16] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

mere correction of "imperfectly pled" facts regarding a party's citizenship. *Corp. Mgmt. Advisors*, 561 F.3d at 1297.[17]

Because the Removing Defendants' proposed amended notice of removal came after the 30-day deadline to freely amend, and because their proposed amendment is not one to correct "defective allegations of jurisdiction" as allowed by § 1653, they cannot rely on fraudulent joinder as a ground for this Court to assume diversity jurisdiction over this case. Accordingly, Bracknell's construed motion to deny leave to amend the notice of removal and to remand this cause to state court is due to be granted.

---

[17] The Removing Defendants have devoted substantial brief space to arguing that the Court can infer fraudulent joinder from the fact, they claim, that Bracknell's two attempts to serve Owens with process were not sufficient under Alabama law, thus making it "evident that proper service of Ms. Owens is not a priority for Plaintiff because he does not intend to pursue his claims against her." (Doc. 8, PageID.224). The Removing Defendants, however, have cited no authority indicating that a failure to properly serve a non-diverse defendant merits any consideration in the fraudulent-joinder analysis, and the undersigned finds this argument to be an unconvincing effort to shoehorn their unsuccessful "forum defendant" argument into their fraudulent-joinder claim. *See Taylor Newman Cabinetry*, 436 F. App'x at 893 & n.3 ("The relevant question … is not why [a plaintiff] chose to join [a non-diverse defendant], but whether [the plaintiff] could state a cause of action against him under [state] law … [T]he fraudulent joinder analysis turns on the objective validity of the plaintiff's theories of jurisdiction and liability as to the non-diverse defendant, not on its subjective motivations for joining that defendant … As the Supreme Court has explained, 'the motive of the plaintiff, taken by itself, does not affect the right to remove.' *Chi., Rock Island, & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193, 33 S. Ct. 250, 251, 57 L. Ed. 473 (1913)." (11th Cir. 2011) (per curiam) (unpublished)."). Thus, the Removing Defendants' factual allegations and arguments regarding service of Owens raised in the initial notice of removal cannot fairly be said to have implicitly raised the fraudulent-joinder issue.

### c. Costs and Expenses Related to Removal

The removal statutes provide that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Bracknell has requested such costs and expenses here. However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). As explained above, the Defendants have successfully shown an "objectively reasonable basis" for seeking removal—diversity of citizenship among the parties after disregarding the fraudulent joined non-diverse defendant. While the undersigned has found that this ground was untimely raised, Bracknell has not cited, nor has the undersigned located, any binding case law compelling that conclusion, and the Defendants submitted sufficient authority plausibly supporting their position. Accordingly, Bracknell's request for an award of costs and expenses under § 1447(c) is due to be denied.

### IV. *Conclusion & Recommendations*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Bracknell's construed motion to deny leave to amend the notice of removal and to remand this cause to state court under 28 U.S.C.

§ 1447(c) (Doc. 10) be **GRANTED**, that the Removing Defendants' motion for leave to file an amended notice of removal (Doc. 8) be **DENIED**, and that this action be **REMANDED** to the Circuit Court of Perry County, Alabama, under § 1447(c) for lack of subject-matter jurisdiction. The undersigned further **RECOMMENDS** that Bracknell's request for an award of costs and expenses under § 1447(c) (Doc. 10) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of April 2022.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**